IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DANIEL JESUS ORTIZ,

        Defendant.

No. 3:11-cr-000273-HZ

OPINION & ORDER


Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Jane Shoemaker
ASSISTANT UNITED STATES ATTORNEY
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Stephen R. Sady
CHIEF DEPUTY FEDERAL DEFENDER
Elizabeth G. Daily
ASSISTANT FEDERAL PUBLIC DEFENDER
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorneys for Defendants

HERNÁNDEZ, District Judge:

Defendant Daniel Jesus Ortiz moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that the portion of his sentence imposed under 18 U.S.C. § 924(c)(1)(A)(ii) should be vacated as the underlying offense of assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3) is not a crime of violence under § 924(c)(3). The Court denies his motion because assault with a dangerous weapon with intent to do bodily harm is a crime of violence under § 924(c)(3)'s force clause. Because of this determination, the Court does not address the other issues raised by the parties including waiver, timeliness, and the validity of § 924(c)(3)'s residual clause.

## BACKGROUND

On August 8, 2012, Defendant entered a guilty plea to an Information charging him with assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (Count 1), and with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). Information, ECF 19; Plea Hr'g Min. Order, ECF 23. Defendant entered his guilty plea pursuant to a Plea Agreement under the Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed that the appropriate sentence was 96 months imprisonment for Counts 1 and 2 and an additional 24 months imprisonment for supervised release violations. Plea Agrmt. ¶ 7, ECF 26. On August 8, 2012, Judge Haggerty imposed a 7-month prison term for the §§ 113(a)(3) and 1153 assault with a dangerous weapon conviction on Count 1, and a 84-month prison term for the § 924(c)(1)(A)(ii) brandishing a firearm in relation to a crime of violence conviction on Count

2.[1] Judgment, ECF 33. Defendant did not appeal his conviction or his sentence. However, on June 25, 2016, Defendant filed the instant motion to vacate his § 924(c)(1)(a)(ii) conviction and sentence. Def. Mot., ECF 37.

## STANDARDS

Under § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence on the basis that the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333 (1974)). The petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). A hearing is unnecessary in cases "where the files and records . . . conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Here, because there are no facts in dispute and the questions presented raise solely legal issues, no hearing is required.

## DISCUSSION

Defendant argues that his conviction under § 924(c)(1)(A)(ii) must be vacated because assault with a dangerous weapon with intent to do bodily harm under § 113(a)(3) is not a "crime of violence" as that phrase is defined in § 924(c). Section 924(c)(1)(A) provides a mandatory additional sentence for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or

---

[1] The sentence imposed ultimately included a five-level downward adjustment for time Defendant spent in tribal custody. *See* Gov't Sent. Mem. 2, ECF 31.

who, in furtherance of any such crime, possesses a firearm," for a term as specified in subsections (i), (ii), or (iii). 18 U.S.C. § 924(c)(1)(A).

For purposes of § 924(c)(1)(A),

The term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Paragraph A is referred to as the "force clause," and paragraph B is referred to as the "residual clause." *E.g. United States v. Bundy,* No. 3:16-cr-0051-BR, 2016 WL 3361490, at *1 (D. Or. June 10, 2016).

In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"), the Supreme Court found the residual clause of a similar definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), unconstitutionally void for vagueness. Defendant argues that *Johnson II* impliedly invalidates the residual clause of § 924(c)(3)(B) at issue here because the § 924(c)(3)(B) clause has language similar to, and suffers the same fatal flaws as, the § 924(e) clause at issue in *Johnson II*. While there is no controlling Ninth Circuit authority on the issue, Defendant points to a 2015 Ninth Circuit case holding that *Johnson II* invalidated the residual clause in 18 U.S.C. § 16(b) which is identical to the § 924(c)(3)(B) residual clause. *Dimaya v. Lynch*, 803 F.3d 1110, 1118–20 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).[2] Defendant cites to other district court cases that have expressly concluded that § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson II* and *Dimaya*. *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1053 (N.D. Cal. 2016); *United States v. Bell*, 158 F. Supp. 3d 906, 924 (N.D. Cal. 2016); *United States v. Bundy*, 2016 WL 3361490, at *4–6.

---

[2] The case, now named *Sessions v. Daimaya*, was argued on October 2, 2017.

4- OPINION & ORDER

Then, because an unenforceable residual clause is not enough to invalidate Defendant's conviction, Defendant turns his attention to the force clause of § 924(c)(3). In order to qualify as a "crime of violence" under the force clause, the underlying offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The Supreme Court has defined physical force in this context as "violent force" or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). The Court uses the categorical approach to determine whether the underlying offense constitutes a crime of violence under the force clause of § 924(c)(3). *See United States v. Perez-Silvan*, 861 F.3d 935, 939 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Specifically, the Court asks "whether the least serious form of the offense meets the *Johnson* standard." *United States v. Gutierrez,* 876 F.3d 1254, 1256 (9th Cir. 2017) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). If so, then the crime categorically qualifies as a crime of violence.

Defendant argues that the underlying offense of "[a]ssault with a dangerous weapon does not satisfy *Johnson I* because the offense does not require as an element the use or attempted use of *violent* as opposed to de minimis force." Def.'s Mem. 5, ECF 47. Assault with a dangerous weapon under § 113(a)(3) has three elements: the defendant must (1) commit an assault (2) with intent to do bodily harm and (3) the use of a dangerous weapon.[3] *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010); *see also* Ninth Cir. Model Crim. Jury Instr. 8.7. First, Defendant emphasizes that the first element—assault—encompasses common law forms of battery including "'noninjurious but intentional, offensive contact, even if relatively minor.'" *Id.* at 6 (quoting *United States v. Lewellyn*, 481 F.3d 695, 697–98 (9th Cir. 2007) (adopting the

---

[3] In relevant part, the statute reads: Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of assault shall be punished as follows: assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years or both." 18 U.S.C. § 113(a)(3).

5- OPINION & ORDER

common law definition for assault, which includes "(1) a willful attempt to inflict injury upon the person of another, also known as the intent to commit a battery, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm")). The second element, Defendant argues, "does not elevate the degree of force sufficiently to qualify as a crime of violence because it proscribes a mental state, but not an act." *Id.* Finally, Defendant contends that the third element of the offense—a dangerous weapon—"in its least egregious form, still necessitates no more than offensive touching" and therefore does not raise the offense to a crime of violence. *Id.* at 7. Defendant also presents what he argues is a realistic example of the application of § 113(a)(3) to conduct that does not constitute a crime of violence: spitting on another with the intent to cause bodily harm by infection. [4] *Id.* at 8–9.

The case law of this circuit suggests that assault with a dangerous weapon under § 113(a) is categorically a crime of violence. In a recent unpublished opinion, the Ninth Circuit concluded just that: "Assault with a Dangerous Weapon with Intent to do Bodily Harm, 18 U.S.C. § 113(a)(3), is categorically a crime of violence." *United States v. Sutton*, 695 Fed.Appx. 330, 331 (9th Cir. 2017) (unpublished opinion) (internal citations omitted). Like the present case, the defendant in *Sutton* brought a motion under 28 U.S.C. § 2255 to vacate her sentence for assault under § 113(a)(3). *Id.* at 330. The court noted that the defendant had "failed to point to any realistic examples of the application of § 113(a)(3) to conduct that does not constitute a crime of violence." *Id.* at 331. It went on to find that because § 113(a)(3) "requires the government to show that a defendant assaulted a victim with a dangerous weapon with *intent* to inflict bodily

---

[4] In response, the Government argues that Defendant waived his right to collaterally attack his sentence as part of his Plea Agreement, that his claim is procedurally defaulted because he did not raise it on direct appeal, and that his motion is untimely because it is not based on a newly recognized right in *Johnson II* and was filed more than a year after entry of final judgment. Gov't Resp. 3–8, ECF 52. As indicated above, the Court does not consider these arguments in light of its conclusion that § 113(a)(3) is categorically a crime of violence.

harm *and* reasonably caused the victim to fear immediately bodily harm . . . all culpable conduct criminalized under § 113(a)(3) requires the use, attempted use, or threatened use of violent force." *Id.*; *see also United States v. Scott*, 3:12-cr-00051-RCJ-VPC, 2017 WL 58577, at *2 (D. Nev. Jan. 4, 2017) (finding that a conviction under § 113(a)(3) . . . necessitates a threat of 'violent force'. . .").

The Ninth Circuit has also held that similar statutes that criminalize assault with a deadly or dangerous weapon or resulting in bodily injury are categorically crimes of violence. In *Juvenile Female*, for example, the Ninth Circuit held that "'assault involving a deadly or dangerous weapon or resulting in bodily injury' under 18 U.S.C. § 111, is, categorically, a crime of violence" under the force clause of 18 U.S.C. § 16. *United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009) (citing 18 U.S.C. § 16(a) (defining a crime of violence as in part "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another")). There, the court reasoned that the defendant's use of a deadly or dangerous weapon "must have always 'threatened the use of physical force' because he or she will have either made a 'willful attempt to inflict injury' or a 'threat to inflict injury' with an object that 'may endanger the life of or inflict great bodily harm on a person.'" *Id.* at 948; *see also Perez-Silvan,* 861 F.3d at 943–44 (in the context of a Tennessee aggravated assault statute finding that "[R]egardless of whether the deadly weapon itself touches the victim's body, we cannot imagine one using or displaying a deadly weapon in the course of an offensive touching without threatening the use of violent force"); *United States v. Calvas-Palacios*, 860 F.3d 1285, 1292–93 (9th Cir. 2017) (finding in the context of a Texas aggravated assault statute that "using or exhibiting a deadly weapon . . . constitutes a crime of violence" and noting that the Ninth

Circuit has "repeatedly found that threats involving deadly weapons qualify as crimes of violence").

Defendant makes two arguments that challenge the applicability of this case law. First, in a footnote, Defendant distinguishes *Sutton* on the grounds that it is an unpublished opinion and that the Ninth Circuit's decision rested on the fact that Defendant "failed to offer any realistic examples of the application of § 113(a)(3) to conduct that does not constitute a crime of violence." Def. Mem. 9 n.3. The Court finds these arguments unpersuasive.

While not binding precedent, unpublished dispositions issued on or after January 1, 2017 may be cited in accordance with Federal Rule of Appellate Procedure 32.1. Ninth Cir. R. 36-3(a)-(b). Rule 32.1 states that a court may not prohibit or restrict the citation of federal judicial opinions that have been designated as unpublished. Fed. R. App. P. 32.1. The committee notes to Rule 32.1 "make[] clear [that] the import of Rule 32.1 is to allow parties, and, as here, the court, to cite such unpublished dispositions for persuasive value." *Cullett v. United States*, No. CR 92-750-AWT, 2017 WL 3616432, at *4 n.3 (C.D. Cal. Aug. 22, 2017). Because the decision in *Sutton* was filed on August 16, 2017, the Court relies on it as highly persuasive authority.

The Court also disagrees with Defendant's reading of *Sutton*. Defendant correctly notes that the panel found that the defendant there had "failed to point to any realistic examples of the application of § 113(a)(3) to conduct that does not constitute a crime of violence." *Sutton,* 695 Fed.Appx. at 331. Defendant argues that the circuit court, therefore, "failed to consider the full scope of the defense." Def. Mem. 9 n.3. But the court's opinion did not end there. As discussed above, because the statute requires that the defendant has both the "*intent* to inflict bodily harm *and* reasonably caused the victim to fear immediate bodily harm," the court reasoned that "all culpable conduct criminalized under § 113(a)(3) requires the use, attempted use, or threatened

8- OPINION & ORDER

use of violent force." *Id.* The circuit also emphasized its prior holdings that "'assault involving a deadly or dangerous weapon or resulting in bodily injury' is categorically, a crime of violence." *Id.* Such language suggests that the circuit court determined not only that Defendant had failed to provide a realistic example but also that conduct punishable under § 113(a) required—categorically—the use, attempted use, or threatened use of violent force. *Id.* at 331 ("Accordingly, Assault with a Dangerous Weapon with Intent to Do Bodily Harm, 18 U.S.C. § 113(a)(3) is categorically a crime of violence under 18 U.S.C. § 924(c)(3).").

Second, Defendant argues that cases involving similar statutes are inapplicable to the statute at issue here because the definition of a dangerous weapon in § 113(a) is broader than the statutes addressed in *Juvenile Female* and others. Def. Mem. 7. While Defendant is correct that in the Ninth Circuit a dangerous weapon under § 113(a)(3) can "include virtually any object given the appropriate circumstances," the object still must be "used in a manner likely to endanger life or inflict great bodily harm." *United States v. Rocha,* 598 F.3d 1144, 1154 (2010); *see also United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon within the meaning of 18 U.S.C. § 113(a)(3) if it is either 'inherently dangerous' or otherwise 'used in a manner likely to endanger life or inflict great bodily harm.'") (citing *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994)). The definition of dangerous weapon in § 113(a)(3) also parallels the definition of a "dangerous weapon" used in *Juvenile Female*. *Compare Rocha*, 598 F.3d at 1154 (defining dangerous weapon as objects that are "inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm") *with Juvenile Female*, 566 F.3d at 947–48 (defining dangerous weapon as "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person"). *Sutton*, moreover, suggests that these cases are directly applicable the Court's analysis of

§ 113(a)(3). *See* 695 Fed.Appx. at 331 (citing its holdings in *Calvillo-Palacios* and *Juvenile Female* in finding that § 113(a)(3) is categorically a crime of violence). The Court, therefore, finds that these cases instructive here.

In support of his argument, Defendant offers an example that he alleges demonstrates that § 113(a)(3) applies to conduct that does not constitute a crime of violence. But the Court finds that there is not a realistic probability that the statute would be applied to such conduct in this circuit. *Gonzales v. Duenas-Alvarez,* 549 U.S. 183, 189 (2007) (Defendant must show that there is "a realistic probability, not a theoretical possibility, that the [government] would apply its statute to conduct that falls outside the generic definition of a crime."). Defendant's argument largely focuses on the "dangerous weapon" element of the statute. Citing out of circuit decisions, Defendant argues that spitting on someone with the intent to infect them with a disease such as HIV would be punishable conduct involving only de minimis force under § 113(a)(3) as the infected spittle would constitute a dangerous weapon. Def. Mem. 8–9. To bolster his argument, Defendant cites two out-of-circuit cases where spittle was "deemed a dangerous weapon" in the context of a human bite. *Id.* at 8 (citing *United States v. Sturgis*, 48 F.3d 784 (4th Cir. 1995) (finding "a jury could reasonably have concluded that [the defendant's] use of teeth to inflict potentially lethal bite wounds amounted to the use of a dangerous weapon" where the defendant had HIV); and citing *United States v. Moore*, 846 F.2d 1163 (8th Cir. 1988) (holding that "the human mouth and teeth are a deadly and dangerous weapon" because a human bite "has the capacity to inflict serious bodily harm" through infection).

While spitting may fit within the definition of common law assault, *Llewellyn*, 481 F.3d at 699 (holding that "intentionally spitting on another person falls within the ambit of 'assault' under 18 U.S.C. § 113(a)(5)"), it is unlikely that in the Ninth Circuit Defendant's example would

be punishable under § 113(a)(3). In *Rocha*, the Ninth Circuit considered whether a body part could be considered a dangerous weapon within the meaning of § 113(a)(3). 598 F.3d at 1146. There, the defendant was convicted under §113(a)(3) for assault with a dangerous weapon where he had used his hands to slam a fellow inmate into a concrete floor. *Id.* at 1147. In its decision, the Ninth Circuit specifically addressed *Sturgis* and *Moore*—the cases cited by Defendant—and decided not to adopt their approach. *Id.* at 1155, 1157. The court reasoned that allowing a body part to constitute a dangerous weapon would "blur the line Congress drew between simple assault and various forms of aggravated assault subject to a more severe penalty." *Id.* at 1157. Instead, the court found that "when Congress used the term 'dangerous weapon' it contemplated generally the situation in which the defendant used a weapon or utilized some other object as a weapon to augment the force of his physical assault." *Id.* Citing the dissent in *Sturgis*, it went on state that "in general, 'a weapon is something with which one can "be armed," something one can pick up and use.'" *Id*. (citing *Sturgis*, 48 F.3d at 790–91 (Hall, J., dissenting)).

With this reasoning in mind, there is not a realistic probability that the use of spittle—infected or otherwise—would constitute assault with a dangerous weapon under the statute. First, Defendant has not shown that this conduct would be punishable under § 113(a)(3) as both cases cited by Defendant involve biting and are, therefore, distinguishable in terms of the type of force involved. *Gonzalez*, 549 U.S. at 189 ("To show that realistic probability, an offender . . . . must at least point to his own case or other cases in which [the court] in fact did apply the statute in the special (nongeneric) manner for which he argues."). Further, unlike the examples cited by the Ninth Circuit in *Rocha*—beer bottles, chairs, telephone receivers swung on a cord—spittle is not "something one can pick up and use" or become armed with.[5] 598 F.3d at 1157. The act of

---

[5] In addressing this distinction, Defendant in his reply argues that his example can be expanded to fit any other harmful substance—not just spittle—that might cause irritation or an allergic reaction. Def. Reply 17, ECF 56.

11- OPINION & ORDER

spitting is more similar to scratching, punching, and the use of other body parts as the "assaultive act can be accomplished without an additional weapon, tool, or equipment." *Id.* Defendant, therefore, has failed to show that § 113(a)(3) punishes behavior that is not a crime of violence as defined in *Johnson I*.

Given how the Ninth Circuit has defined assault with a dangerous weapon under § 113(a)(3), it is difficult to envision conduct punishable under the statute that would not involve the use of violent physical force. In order to be dangerous, the weapon must be used in a manner "likely to endanger life or inflict great bodily harm." *Id.* at 1154. This definition closely parallels the definition of violent physical force found in *Johnson I*. Because assault with a dangerous weapon requires a "willful attempt to inflict injury" or a "threat to inflict injury" with an object that is either inherently dangerous or used in a manner likely to endanger life or inflict bodily harm, *see Sutton,* 695 Fed.Appx. at 331, conduct punishable under § 113(a)(3) always requires the use, attempted use, or threatened use of "force capable of causing physical pain or injury to another person," *Johnson I,* 559 U.S. at 140. Assault with a dangerous weapon under § 113(a)(3) is, therefore, categorically a crime of violence under the force clause of § 924(c)(3).

Accordingly, the Court finds that Defendant was convicted under the force clause and need not reach the issue of whether the residual clause of § 924(c) is valid after *Johnson II*. The Court also denies a Certificate of Appealability ("COA"). Issuance of a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The Court finds that reasonable judges would not differ with the reasoning expressed in this opinion on

---

Defendant cites one Supreme Court case where the Court describes the use of chemicals to cause an uncomfortable rash as simple assault. *Bond v. United States,* 134 S.Ct. 2077, 2081 (2014) (holding that the Chemical Weapons Convention Implementation Act of 1998 does not reach the simple assault at issue in that case). But Defendant fails to elaborate further or cite any example where the use of chemicals or other harmful substances to cause irritation constituted an assault with a dangerous weapon within the meaning of § 113(a)(3) and did not involve the use of violent physical force as described in *Johnson* I.

whether assault with a dangerous weapon satisfies the crime of violence definition in § 924(c)(3)(A). The Court, therefore, denies a COA.

## CONCLUSION

Defendant's § 2255 motion to vacate his sentence [37] is denied.

IT IS SO ORDERED.

Dated this \_\_\_3\_\_\_ day of ~~February~~ March, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge

13- OPINION & ORDER